**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4303**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

KEVIN L. NAVARRO,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. John Preston Bailey, District Judge. (2:17-cr-00002-JPB-MJA-4)

Submitted: November 26, 2018           Decided: December 12, 2018

Before GREGORY, Chief Judge, KEENAN and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Tracy Weese, Sheperdstown, West Virginia, for Appellant. Stephen D. Warner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a written plea agreement, Kevin L. Navarro pled guilty to possession with intent to distribute methamphetamine and aiding and abetting the same, 18 U.S.C. § 2, 21 U.S.C. § 841(a)(1) (2012). He was sentenced to 240 months in prison. Navarro appeals, raising three issues related to the calculation of his Guidelines range. We affirm.

I.

Navarro first contends that the district court should have applied base offense level 26, rather than base offense level 32. While the parties stipulated in the plea agreement that the base offense level was 26 (at least 200 grams but less than 350 grams of methamphetamine, U.S. Sentencing Guidelines Manual § 2D1.1(c)(7) (2016)), the agreement further provided that "[t]he Court is not bound by any stipulation contained in this plea agreement and the Court is not required to accept any stipulation." At his hearing conducted pursuant to Federal Rule of Criminal Procedure 11, Navarro acknowledged under oath that he had read and signed the plea agreement and understood its provisions. The court specifically inquired whether Navarro understood that the stipulation about the base offense level was not binding on the court, and Navarro responded that he did.

Following execution of the plea agreement, laboratory testing disclosed that the seized methamphetamine was 100% pure. Therefore, under the Guidelines, the substance qualified as "ice," rather than methamphetamine, *see* USSG § 2D1.1(c) n.(C) (2016), and Navarro's base offense level increased to 32. *See* USSG § 2D1.1(c)(4).

"In assessing whether a sentencing court has properly applied the Guidelines, we review factual findings for clear error and legal conclusions de novo." *United States v. Thompson*, 874 F.3d 412, 414 (4th Cir. 2017) (internal quotation marks omitted), *cert. denied*, 138 S. Ct. 1179 (2018). In light of the clear directive of the Guidelines and the nonbinding nature of the stipulation in the plea agreement, we discern no error in the court's finding that base offense level 32 was appropriate.

II.

Navarro next contends that the district court erred when it applied a two-level enhancement based on obstruction of justice. Under USSG § 3C1.1, the enhancement is proper if the sentencing court finds "that the defendant (1) gave false testimony; (2) concerning a material matter; (3) with willful intent to deceive." *United States v. White*, 810 F.3d 212, 229-30 (4th Cir. 2016) (internal quotation marks omitted). To apply the adjustment based on perjury, the district court must find by a preponderance of the evidence that the defendant gave "false testimony concerning a material matter with the willful intent to provide false testimony." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993); *see* USSG § 3C1.1 cmt. n.4(F).

At his Rule 11 hearing, Navarro admitted that he and an associate picked up a box containing methamphetamine that had been shipped from California to West Virginia. He said that he knew that the box contained the drug because his associate showed it to him. However, when Navarro testified at the trial of his brother on various drug charges related to Navarro's offense, he said that he did not know what the box contained. The district court determined that, in an attempt to effect his brother's acquittal, Navarro

3

testified falsely on a material matter.  We conclude that application of the enhancement was appropriate on this basis.

## III.

Finally, Navarro argues that the district court erred in not reducing his offense level based on acceptance of responsibility, USSG § 3E1.1.  "Conduct resulting in an enhancement under [USSG] § 3C1.1 . . . ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct.  There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply."  USSG § 3E1.1, cmt. n.4.  Navarro's is not such an extraordinary case, and we hold that the district court did not err when it failed to give Navarro a reduction under the Guideline.

## IV.

We accordingly affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*